**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAURA GRACE, et al.,** | : | **JUDGE KATHLEEN M. O'MALLEY** |
| | : | |
| **Plaintiffs,** | : | |
| v. | : | **Case No. 1:08-CV-254** |
| | : | (Case 1) |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **ANGELA WEBB,** | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | **Case No. 5:08-CV-1917** |
| | : | (Case 2) |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

| | | |
|---|---|---|
| **PATRICIA SCHWAB,** | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | **Case No. 1:08-CV-2083** |
| | : | (Case 3) |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM & ORDER CERTIFYING A QUESTION OF STATE LAW**
**TO THE SUPREME COURT OF OHIO**

Pursuant to Rule XVIII of the Rules of Practice of the Supreme Court of Ohio, the Court hereby issues a certification order after having found that the three above-captioned cases, all of which are currently pending before the Court as related, present a question of Ohio law that may

1

be determinative of the cases and for which it appears to the Court that there is no controlling precedent in the decisions of the Supreme Court of Ohio. For the reasons explained in more detail below, the Court respectfully requests that the Supreme Court of Ohio answer the following certified question of state law:

> Does Ohio Revised Code Section 3937.18, as amended in 2001 by S.B. 97 (effective October 31, 2001), permit insurers to include an express limitation of coverage in an automobile insurance policy that precludes payments made under Uninsured/Underinsured Motorist coverage for medical expenses that are paid or payable under the Medical Payments coverage purchased in the same policy?

**I.    NATURE OF THE CASES**

The three related, above-captioned cases are all putative class action lawsuits in which the Plaintiffs are challenging the enforceability of a "non-duplication" clause set forth in the Defendants' automobile insurance policies, i.e., an express limitation of coverage in the policies, that precludes payments made under Uninsured/Underinsured Motorist ("UM/UIM") coverage for medical expenses that are paid or payable under the Medical Payments ("Med Pay") coverage purchased in the same policy.

As alleged in detail in the respective Complaints, all of the named Plaintiffs in the three cases were involved in a motor vehicle accident with an uninsured motorist and were insureds under policies issued by one of the two named Defendants – either Defendant State Farm Mutual Automobile Insurance Company or Defendant State Farm Fire and Casualty Company (collectively, "State Farm"). Each of the named Plaintiffs' policies included both UM/UIM coverage and Med Pay coverage. It is undisputed that the declaration page of the policies identified separate limits of coverage for both UM/UIM coverage and Med Pay coverage, and that State Farm charged separate premiums for both types of coverage. Further, all of the policies were endorsed with form 6083VV,

2

or a substantially identical form, that contained the following "non-duplication" clause, or limitation of the UM/UIM coverage, upon which the Plaintiffs base their claims:

> **Non-Duplication**
> We will not pay under Uninsured Motor Vehicle Coverage any medical expenses paid or payable under:
> (1) Medical Payments Coverage of this policy, or
> (2) the medical payments coverage, no fault coverage, personal injury protection, or other similar coverage of any other motor vehicle policy.

Each of the policies also contained another, separate "non-duplication" clause within its Med Pay coverage:

> **Non-Duplication**
> No *person* for whom medical expenses are payable under this coverage shall recover more than once for the same medical expense under this or similar vehicle insurance.

All of the named Plaintiffs submitted a UM/UIM insurance claim to State Farm, and based upon the above "non-duplication" clauses, State Farm refused the Plaintiffs' requests to be paid for the cost of medical care under both the UM/UIM and Med Pay coverages.

Premised on the unenforceability of the "non-duplication" clauses at issue, the named Plaintiffs in the three cases have asserted various claims of relief against State Farm, including causes of action for: (1) fraud and deceit; (2) breach of contract; (3) unjust enrichment; (4) breach of fiduciary duty; (5) breach of the covenant of good faith and fair dealing; and (6) declaratory and injunctive relief.

In general, the named Plaintiffs in each of the three cases seek to represent a class of persons that is composed of all residents of the State of Ohio who: (1) were insured persons under a policy of insurance issued by State Farm that included UM/UIM coverage and Med Pay coverage, for which State Farm charged separate premiums; (2) were insured persons under a policy of insurance comprised of State Farm's standard policy form or forms that included a purported "non-

3

duplication" clause; and (3) suffered a bodily injury for which State Farm refused to provide benefits for the cost of medical treatment under both the UM/UIM coverage and the Med Pay coverage portions of the policy.

## II.     CIRCUMSTANCES FROM WHICH THE QUESTION OF LAW ARISES

Currently pending before the Court in each of the three cases is a motion for judgment on the pleadings filed by State Farm. (*See* Case 1, Doc. 14; Case 2, Doc. 9; Case 3, Doc. 7.)[1] State Farm acknowledges that, in years past, the Supreme Court of Ohio has held that an insurance policy provision that reduced the amount paid under UM/UIM coverage based upon amounts paid under Med Pay coverage was unenforceable as against public policy. *See, e.g.*, *Berrios v. State Farm*, 781 N.E.2d 149 (Ohio 2002); *Grange Mut. Cas. Co. v. Lindsey*, 489 N.E.2d 281 (Ohio 1986); *Shearer v. Motorists Mut. Ins. Co.*, 371 N.E.2d 210 (Ohio 1978). State Farm, however, contends that the 2001 amendments to Ohio's UM/UIM statute, O.R.C. § 3937.18, made effective through the passage of S.B. 97 (effective October 31, 2001), abrogated the public policy prohibition outlined in *Berrios*, *Lindsey*, and *Shearer* and now permit insurers to include terms and conditions in policies that preclude UM/UIM coverage, such that the "non-duplication" clauses at issue in State Farm's policies are valid and enforceable as a matter of law.[2] In particular, State Farm relies heavily on the current version of O.R.C. § 3937.18(I) and the Supreme Court of Ohio's recent interpretation of that provision in *Snyder v. Am. Family Ins. Co.*, 871 N.E.2d 574 (Ohio 2007):

---

[1]     The Plaintiffs in Case 1 also filed a motion for judgment on the pleadings and a motion for class certification, both of which are pending before the Court as well. (*See* Case 1, Docs. 13, 18.)

[2]     Even though the Supreme Court of Ohio decided *Berrios* in 2002, the parties do not dispute that *Berrios* involved the version of O.R.C. § 3937.18 in effect *prior* to the 2001 amendments.

4

> [T]he 2001 statute for the first time permits policies with uninsured-motorist coverage to limit or exclude coverage under circumstances that are specified in the policy even if those circumstances are not also specified in the statute. *See* O.R.C. § 3937.18(I). Division (I) of the statute provides: "Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, *including but not limited to* any of the following circumstances: . . ." O.R.C. § 3937.18(I) (emphasis added). Eliminating the mandatory coverage offering and simultaneously permitting the parties to agree to coverage exclusions not listed in the statute provides insurers considerable flexibility in devising specific restrictions on any offered uninsured- or underinsured-motorist coverage. *See also* S.B. 97, Section 3(B)(3), 149 Ohio Laws, Part I, 788-789 (General Assembly expressed its intention to "[p]rovide statutory authority for the inclusion of exclusionary or limiting provisions in uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages").

*Snyder*, 871 N.E.2d at 579 (emphasis in original). In fact, State Farm notes that, after *Snyder* was decided, two Ohio courts of common pleas have determined that the same "non-duplication" clauses that are at issue here are enforceable under current Ohio law. *See Galloway v. Henry*, Montgomery County Court of Common Pleas, Case No. 07-CV-10521, 10/22/2008 Order granting State Farm's partial motion for summary judgment (copy attached at Case 1, Doc. 27-2; Case 2, Doc. 16-2; Case 3, Doc. 17-2); *Shenyey v. Glasgow*, Cuyahoga County Court of Common Pleas, Case No. CV-07-638114, 5/1/2008 Order granting State Farm's partial motion for summary judgment (certified copy attached at Case 2, Doc. 13-2 and Case 3, Doc. 13-2). In short, therefore, State Farm argues that, because Ohio law now expressly authorizes insurers to preclude UM/UIM coverage under the circumstances set forth in an insurance policy, and because State Farm's insurance policies clearly and unambiguously preclude coverage under UM/UIM coverage for medical expenses that are paid or payable under Med Pay coverage in the "non-duplication" clauses at issue, State Farm is entitled to judgment on the pleadings in all three cases.

By contrast, the Plaintiffs assert that State Farm is not entitled to judgment on the pleadings, because the 2001 amendments to O.R.C. § 3937.18 did not abrogate the public policy prohibition outlined in *Berrios*, *Lindsey*, and *Shearer* and, accordingly, the "non-duplication" clauses at issue remain invalid and unenforceable under Ohio common law. The Plaintiffs first argue that the 2001 amendments to O.R.C. § 3937.18 merely eliminated the statutory requirement that Ohio insurers offer UM/UIM coverage to their insureds, and that they had no effect on the continued viability of *Berrios*, *Lindsey*, and *Shearer*. Invoking the statutory canon of construction *expressio unius est exclusio alterius*, or the notion that the express inclusion of one thing implies the exclusion of the other, the Plaintiffs point out that the Ohio General Assembly, despite explicitly referencing several other Supreme Court decisions that were intended to be superseded by S.B. 97, did not even mention the *Lindsey* or *Shearer* line of decisions in the 2001 amendments or the commentary accompanying S.B. 97, let alone announce that the those decisions were superseded. The Plaintiffs also contend that one of the primary reasons that the Supreme Court of Ohio adopted the common law prohibition in *Berrios*, *Lindsey*, and *Shearer* was that people who pay separate premiums for separate coverages should get what they pay for, *see Berrios*, 781 N.E.2d at 151, and that the 2001 amendments did nothing to address this practical reason for prohibiting insurers from denying UM/UIM benefits by setting off Med Pay coverage payments. Further, the Plaintiffs note that the Fifth District Court of Appeals already has rejected arguments similar to those made by State Farm and determined that the 2001 amendments did not abrogate *Berrios*, *Lindsey*, and *Shearer*. *See Wayne Mut. Ins. Co. v. Bradley*, 2006-Ohio-1517 (Ohio Ct. App. 2006). And finally, the Plaintiffs insist that State Farm's reliance on the Supreme Court of Ohio's decision in *Snyder* is misplaced, because *Snyder* reaffirmed that a "common-law prohibition," such as the long-standing prohibition

6

established in *Berrios*, *Lindsey*, and *Shearer*, can still impose limits on policy terms. *See Snyder*, 871 N.E.2d at 581.

In sum, the Plaintiffs argue that, because existing Ohio common law prohibits State Farm from collecting two premiums for two separate coverages, and then setting one off from the other, the "non-duplication" clauses at issue are invalid and unenforceable and State Farm's motions for judgment on the pleadings should be denied. They argue that the public policy behind this rule is particularly powerful where, as they argue is the case here, the monies against which the insurer seeks a set off are insufficient to wholly compensate the insured for his or her losses.

Upon a careful review of the parties' arguments and applicable Ohio law, the Court has concluded that a certification order under Rule XVIII of the Rules of Practice of the Supreme Court of Ohio is appropriate. The Court believes that it is the Supreme Court of Ohio who should first have the opportunity to resolve the potentially case-determinative issue as to whether State Farm's "non-duplication" clauses are valid and enforceable under the current version of O.R.C. § 3937.18. To date, the Supreme Court of Ohio has not considered whether the prohibition established in *Berrios*, *Lindsey*, and *Shearer* against denying UM/UIM benefits by setting off Med Pay coverage payments continues to be good law in light of the 2001 amendments. Further, the parties have identified conflicting decisions by Ohio lower courts regarding whether the 2001 amendments abrogated *Berrios*, *Lindsey*, and *Shearer* – namely, the courts of common pleas' decisions in *Galloway* and *Shenyey* and the Fifth District Court of Appeals' decision in *Bradley*. And lastly, the Court notes that, in addition to the three above-captioned cases and *Galloway* and *Shenyey* (which still may be subject to appeal), there are a number of other lawsuits in both state and federal court that raise issues similar to those presented here, such that a resolution by the Supreme Court of Ohio on a certified question would avoid the possibility of additional inconsistent rulings. *See, e.g.*,

7

*Struewing v. State Farm Mut. Auto. Ins. Co.*, United States District Court for the Southern District of Ohio, Case No. 1:08-CV-21-SJD; *Bates v. Progressive Specialty Ins. Co.*, Cuyahoga County Court of Common Pleas, Case No. CV-07-645172; *Stith v. McCurdy*, Hamilton County Court of Common Pleas, Case No. A0711102; *Harrison v. Frazier*, Butler County Court of Common Pleas, Case No. CV-2007-12-4907; *Detty-Huddleston v. Johnson*, Franklin County Court of Common Pleas, Case No. 07-CVC09-13032; *Carpeno v. Western Reserve*, Cuyahoga County Court of Common Pleas, Case No. CV-08-666052; *Eicher v. Nationwide*, Cuyahoga County Court of Common Pleas, Case No. CV-08-666054; *Whitely v. American Select Ins.*, Cuyahoga County Court of Common Pleas, Case No. CV-08-666055; *Holt v. Progressive Specialty Ins. Agency*, Stark County Court of Common Pleas, Case No. 2008-CV-03160.[3]  Accordingly, given all of the above, the Court respectfully requests that the Supreme Court of Ohio answer the certified question of Ohio law set forth below.

### III.  QUESTION OF LAW TO BE ANSWERED

The Court certifies the following question:

Does Ohio Revised Code Section 3937.18, as amended in 2001 by S.B. 97 (effective October 31, 2001), permit insurers to include an express limitation of coverage in an automobile insurance policy that precludes payments made under Uninsured/Underinsured Motorist coverage for medical expenses that are paid or payable under the Medical Payments coverage purchased in the same policy?

---

[3]  The Court notes that it does not have access to the documents filed in the cases cited above and cannot independently verify that they raise similar issues to those presented here.  These cases, however, were cited in a reply brief filed by State Farm in Case 2, Doc. 13 at 19-20 for this proposition, and that proposition has not been challenged by the Plaintiffs.

8

**IV.  PARTIES AND COUNSEL**

In accordance with Sections 2(C) and 2(D) of Rule XVIII of the Rules of Practice of the Supreme Court of Ohio, the names of each of the parties and the contact information for counsel for each of the parties in the three cases is as follows:

**Case 1 (No. 1:08-CV-254)**

| | |
|---|---|
| **Named Plaintiffs:** | **Counsel for Plaintiffs:** |
| Laura Grace | David H. Krause (dhkrause@garson.com) |
| | James A. DeRoche (jderoche@garson.com) |
| Elizabeth Garcia | GARSON & ASSOCIATES |
| | 1600 Rockefeller Bldg. |
| Ladon Ruffin | 614 Superior Avenue, NW |
| | Cleveland, OH 44113 |
| Dorian Jones | 216-696-9330 |
| | Fax: 216-696-3177 |
| | |
| | Glenn D. Feagan |
| | WAITE, SCHNEIDER, BAYLESS & CHESLEY |
| | 1513 Fourth & Vine Tower |
| | One West Fourth Street |
| | Cincinnati, OH 45202 |
| | 513-621-0267 |
| | Fax: 513-621-0262 |
| | |
| **Defendants:** | **Counsel for Defendants:** |
| State Farm Mutual Automobile | Rodger L. Eckelberry (reckelberry@bakerlaw.com) |
| Insurance Company | Mark Alan Johnson (mjohnson@bakerlaw.com) |
| | Robert J. Tucker (rtucker@bakerlaw.com) |
| State Farm Fire and Casualty Company | BAKER & HOSTETLER |
| | 65 East State Street, Ste. 2100 |
| | Columbus, OH 43215 |
| | 614-228-1541 |
| | Fax: 614-462-2616 |
| | |
| | Michael K. Farrell (mfarrell@bakerlaw.com) |
| | BAKER & HOSTETLER |
| | 3200 National City Center |
| | 1900 East Ninth Street |
| | Cleveland, OH 44114 |
| | 216-621-0200 |
| | Fax: 216-696-0740 |

**Case 2 (No. 5:08-CV-1917)**

**Named Plaintiff:**
Angela J. Webb

**Counsel for Plaintiff:**
Austin Tighe (austin@feazell-tighe.com)
6300 Bridgepoint Parkway, Ste. 220
Austin, TX 78730
512-372-8100
Fax: 512-372-8140

Alberto R. Nestico (nestico@knrlegal.com)
Gary W. Kisling (kisling@knrlegal.com)
Robert W. Redick (redick@knrlegal.com)
KISLING, NESTICO & REDICK
3200 West Market Street, Ste. 300
Akron, OH 44333
330-869-9007
Fax: 330-869-9008

Thomas M. Vasvari (vasvari@knrlegal.com)
KISLING, NESTICO & REDICK
970 Windham Court, Ste. 7
Boardman, OH 44512
330-729-1090
Fax: 330-869-9008

**Defendant:**
State Farm Mutual Automobile
    Insurance Company

**Counsel for Defendant:**
Rodger L. Eckelberry (reckelberry@bakerlaw.com)
Mark Alan Johnson (mjohnson@bakerlaw.com)
Robert J. Tucker (rtucker@bakerlaw.com)
BAKER & HOSTETLER
65 East State Street, Ste. 2100
Columbus, OH 43215
614-228-1541
Fax: 614-462-2616

Michael K. Farrell (mfarrell@bakerlaw.com)
BAKER & HOSTETLER
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114
216-621-0200
Fax: 216-696-0740

**Case 3 (No. 1:08-CV-2083)**

**Named Plaintiff:**
Patricia Schwab

**Counsel for Plaintiff:**
Edwin E. Schottenstein
SCHOTTENSTEIN LAW OFFICES
100 East Broad Street, Ste. 1337
Columbus, OH 43215
800-437-3757
Fax: 614-462-2406

Nicole T. Fiorelli (nfiorelli@dworkenlaw.com)
Patrick J. Perotti (pperotti@dworkenlaw.com)
DWORKEN & BERNSTEIN
60 South Park Place
Painesville, OH 44077
440-352-3391
Fax: 440-352-3469

**Defendant:**
State Farm Mutual Automobile
  Insurance Company

**Counsel for Defendant:**
Rodger L. Eckelberry (reckelberry@bakerlaw.com)
Mark Alan Johnson (mjohnson@bakerlaw.com)
Robert J. Tucker (rtucker@bakerlaw.com)
BAKER & HOSTETLER
65 East State Street, Ste. 2100
Columbus, OH 43215
614-228-1541
Fax: 614-462-2616

Michael K. Farrell (mfarrell@bakerlaw.com)
BAKER & HOSTETLER
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114
216-621-0200
Fax: 216-696-0740

**V.     DESIGNATION OF THE MOVING PARTY**

In accordance with Section 2(E) of Rule XVIII of the Rules of Practice of the Supreme Court of Ohio, the Defendants – State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company – are designated as the moving party.

**VI.    SERVICE**

In accordance with Section 3 of Rule XVIII of the Rules of Practice of the Supreme Court of Ohio, the Clerk of the United States District Court for the Northern District of Ohio, Eastern Division, is hereby directed to: (1) serve copies of this certification order upon all parties or their counsel of record; and (2) file with the Supreme Court of Ohio this certification order under the seal of this Court, along with certificate of service.

**IT IS SO ORDERED.**

*/s/ Kathleen M. O'Malley*
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: January 15, 2009**

## **CERTIFICATE OF SERVICE**

This will certify that a copy of the Memorandum & Order Certifying a Question of State Law to the Supreme Court of Ohio (the "Memorandum & Order") was sent on the 15th day of January, 2009, by ordinary mail to the Supreme Court of Ohio, Office of the Clerk, 8th Floor, 65 South Front Street, Columbus, OH 43215.  Additionally, a copy of the Memorandum & Order was served upon all counsel of record in each of the three above-captioned cases via the Court's electronic filing system.

*/s/ Christine M. Huth*
**CHRISTINE M. HUTH**
**DEPUTY CLERK OF COURT**